UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| KEITH HENDERSON, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | 1:14-cv-00202-NT |
| THOMAS W. THRASH, JR., *et al.*, | ) ) ) ) | |
| Defendants | ) | |

**RECOMMENDED DECISION**

Plaintiff Keith Henderson is incarcerated in state prison in Reidsville, Georgia. He has filed a pro se complaint naming nineteen defendants identified as federal and state judges and court staff in Georgia, Michigan, and Missouri. (Complaint, ECF No. 1; Amended Complaint, ECF No. 2-1.) Plaintiff alleges civil rights violations pursuant to 42 U.S.C. § 1983.

Plaintiff is not incarcerated in Maine, and he does not in his complaint allege any connection to Maine. Plaintiff's motion to amend the complaint (ECF No. 2), and motion to proceed *in forma pauperis* (ECF No. 3) are currently pending before the Court.

Pursuant to 28 U.S.C. § 1915A, the action is subject to preliminary screening, and in accordance with 28 U.S.C. § 1406(a), it is subject to possible dismissal for improper venue. As explained below, the recommendation is that the Court (1) deny the motion to proceed *in forma pauperis*, because Plaintiff is subject to the "three strikes" provision of the *in forma pauperis* statute, 28 U.S.C. § 1915(g); (2) dismiss the case without prejudice due to improper venue; and (3) dismiss as moot the motion to amend the complaint.

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for persons who are unable to pay the costs of bringing an action.

1

However, recognizing that a waiver of fees can spur the filing of meritless claims, the statute requires the Court to deny *in forma pauperis* status to any prisoner who, while incarcerated, has filed three or more frivolous actions, unless the prisoner is in imminent danger. Section 1915(g) specifically provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

In 2012, the United States District Court for the Southern District of Georgia determined that Plaintiff had abused the judicial process by bringing at least three cases that were dismissed because they were frivolous, malicious, or failed to state a claim. The Court, therefore, ruled that Plaintiff's future filings would be subject to screening under section 1915(g). *Henderson v. Wright*, No. 3:11-cv-00110-DHB-WLB, at 2-3 & n.2 (S.D. Ga. Jan. 10, 2012).[1] Subsequently, Plaintiff has filed additional frivolous or meritless actions that would independently subject Plaintiff to screening under section 1915(g). *See In re Keith Henderson*, No. 3:12-mc-00002-DHB (Dec. 18, 2012) (holding that Plaintiff, while a state prisoner, made five separate filings, including three section 1983 complaints and two motions unrelated to those complaints, that were frivolous,

---

[1] In *Henderson v. Wright,* the Court counted as strikes against Plaintiff two prior cases that were dismissed due to Plaintiff's failure to pay an initial partial filing fee of $3.71, and one case in which the Court found that Plaintiff had provided false information about his filing history. *Henderson v. Wright,* No. 3:11-cv-00110-DHB-WLB, at 2-3 & n.2 (S.D. Ga. Jan. 10, 2012) (citing *Henderson v. Harris*, No. 1:09-cv-00181-WLS-CWH (M.D. Ga. Feb. 19, 2010) (dismissed for failure to pay initial partial filing fee); *Henderson v. Strickland*, No. 1:09-cv-00176-WLS-CWH (M.D. Ga. Feb. 17, 2010) (same); *Henderson v. Newsome*, No. 3:11-cv-00056-DHB-WLB (S.D. Ga. Oct. 17, 2011) (dismissed as a sanction for supplying dishonest information to the court by failing to disclose previous lawsuits in response to a question on a form complaint)). *But see Boles v. Matthews*, 173 F.3d 854 (6th Cir. 1999) (unpublished) (holding that dismissal for failure to pay the filing fee is not strike-worthy unless the order dismissing the case makes reference to the underlying action being frivolous, malicious, or one that fails to state a claim). Regardless of whether dismissal for failure to pay a filing fee should count as a strike for purposes of 28 U.S.C. § 1915(g), Plaintiff has filed additional frivolous and meritless cases, and his status as a three-strikes plaintiff cannot seriously be disputed. *See In re Keith Henderson*, No. 3:12-mc-00002-DHB (Dec. 18, 2012); *In re Keith Henderson*, No. 3:12-mc-00002-DHB (S.D. Ga. Jan. 17, 2014).

abusive, and subject to dismissal under section 1915(g)). In the December 18, 2012, order, the Court also concluded that Plaintiff was an abusive filer, subjected him to stringent filing restrictions, and established a miscellaneous case file for screening under section 1915(g). *Id.* In *In re Keith Henderson*, No. 3:12-mc-00002-DHB (S.D. Ga. Jan. 17, 2014), the Court noted that Plaintiff, while a state prisoner, filed in the Eastern District of Michigan a case that later was transferred, found to be without merit, and closed by the Southern District of Georgia.

Through use of terms such as "aggravated statutory rape abuse," "aggravated cruelty," and "brutality abuse" in his complaint, Plaintiff appears to be attempting to invoke the exception under section 1915(g) for situations in which the prisoner is in imminent danger of serious physical injury. However, Plaintiff does not allege that any of the defendants put him in imminent danger of serious physical injury at the time that he filed the complaint, or at any other time. *See Parks v. Butler Cnty. Adult Prob. Dep't*, 485 F. App'x 140, 141 (7th Cir. 2012) (unpublished) (noting that the danger must be imminent at the time of filing of the complaint).[2] Furthermore, given that Plaintiff is incarcerated, and that the Defendants are alleged to be judges and court staff, Plaintiff has not alleged any basis upon which Defendants could place Plaintiff in imminent danger. Thus, although the liberal pleading standard generally applicable to pro se litigants also applies to allegations of imminent danger for purposes of section 1915(g), Plaintiff has made no such allegations in this case. *See Brown v. Sec'y Pennsylvania Dep't of Corr.*, 486 F. App'x 299, 302 (3d Cir. 2012) (unpublished) ("*Pro se* allegations of imminent danger must be evaluated in

---

[2] In the court order in which Plaintiff was declared to be an abusive filer, whose complaints within the Southern District of Georgia were to be consolidated for prescreening, the Court noted that Plaintiff occasionally included words relating to imminent danger but that there was no factual support at that point for such a finding. *In re Keith Henderson*, No. 3:12-mc-00002-DHB, at 4-5 (S.D. Ga. Dec. 18, 2012).

accordance with the liberal pleading standard applicable to *pro se* litigants."). Plaintiff's request to proceed *in forma pauperis*, therefore, should be denied.

Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Because 42 U.S.C. § 1983 contains no venue provision, the appropriate venue is determined by reference to 28 U.S.C. § 1391(b), which states:

> A civil action may be brought in—
>
> **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*See Parker v. Barbie*, No. 14-800, 2014 WL 1820049, at *1, 2014 U.S. Dist. Lexis 62431 (E.D. La. May 6, 2014). Plaintiff asserts that venue is proper in the Northern District of Georgia, and thus he implicitly acknowledges that Maine is an improper venue. A review of the complaint and the amended complaint confirms that Plaintiff has not alleged any connection with Maine. "Whether dismissal or transfer is appropriate lies within the sound discretion of the district court." *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993); *see also Quinn v. Watson*, 145 F. App'x 799, 800 (4th Cir. 2005) (unpublished). Given that Plaintiff has been declared an abusive filer, and that he is subject to review under section 1915(g), the interests of justice militate in favor

4

of dismissal and against transfer of the case to another district in accordance with section 1406(a).[3]

The recommendation thus is that the Court dismiss the case.[4]

Because venue is improper, the recommendation is that Plaintiff's motion to amend the complaint be dismissed as moot.[5]

## CONCLUSION

Based on the foregoing analysis, the recommendation is that the Court (1) deny the motion to proceed *in forma pauperis*, (2) dismiss the case without prejudice based on improper venue, and (3) dismiss as moot the motion to amend the complaint.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

June 9, 2014

/s/ John C. Nivison
U.S. Magistrate Judge

---

[3] *See Henderson v. Butts*, No. 3:13-cv-00053-DHB-BKE (S.D. Ga. Aug. 15, 2013). In the Court's order terminating all pending motions and closing the case, the Court noted that Plaintiff, perhaps unknowingly at that point, "accomplished an end-run around the procedure established in this district to handle his filings," because the case "would not have been opened but for the fact that it was transferred in from another district." *Id.*

[4] Dismissal of the claim due to improper venue, rather than on its merits, does not imply that the claim has merit. Previously, Plaintiff has tried unsuccessfully to pursue claims against other judges and thus is aware that judges are immune from civil liability for their judicial acts. *See Henderson v. Barfield*, No. 3:12-cv-00029-LGW-JEG (S.D. Ga. July 11, 2012). In *Henderson v. Barfield*, the Court held that the defendants, a magistrate judge and a district court judge, were "entitled to absolute immunity for all judicial acts taken within their jurisdiction. This immunity provides judges blanket protection against civil suits regarding any act or decision made while acting in their judicial capacity." *Id.* at 1-2. Court staff may also be entitled to immunity for their acts as court employees. *See Lomax v. Ruvin*, 387 F. App'x 930, 932 (11th Cir. 2010) (unpublished). Plaintiff is, therefore, on notice that regardless of the jurisdiction in which he files or attempts to file suit, and regardless of whether he must pay the filing fee, his case may be subject to dismissal, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) or 1915A(b), if it is found to be "frivolous or malicious," if it "fails to state a claim on which relief may be granted," or if it "seeks monetary relief" from "a defendant who is immune from such relief."

[5] In accordance with 28 U.S.C. §1915A(a), the motion to amend, the original complaint, the amended complaint, and the motion to proceed *in forma pauperis,* have been fully considered in the screening process.